STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**UNITED TECHNOLOGIES CORPORATION,**
**Employer Below, Petitioner**

**vs.)  No. 20-0284** (BOR Appeal No. 2055033)
(Claim No. 2018016208)

**JANET KARNES,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner United Technologies Corporation, by counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Janet L. Karnes, by counsel Patrick K. Maroney, filed a timely response.

The issue on appeal is the compensability of an occupational pneumoconiosis claim. The claims administrator rejected the claim on January 14, 2019. On December 26, 2019, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and held the claim compensable with the presumption of West Virginia Code § 23-4-8c(b). This appeal arises from the Board of Review's Order dated March 12, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

. . . . (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office of Insurance Comm'r*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W.Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

On December 4, 2017, Ms. Karnes filed an occupational pneumoconiosis claim for exposure to chemicals and dust at her place of employment. She has worked at the same plant for over forty-five years. A West Virginia Workers' Compensation Physician's Report of Occupational Pneumoconiosis was completed by staff at Rainelle Medical Center's Black Lung Clinic indicating that Ms. Karnes was experiencing shortness of breath upon exertion, and she could not breathe around strong odors. The Clinic diagnosed her with shortness of breath due to chemical exposure. In the Employee's section of the form, Ms. Karnes attributed her condition to her exposure to lead, chemicals, solder, asbestos, buffering, and other chemicals and solvents while working for numerous owners of the plant.

Instead of ruling on the claim, the claims administrator requested that Ms. Karnes undergo a medical evaluation with George L. Zaldivar, M.D., who specializes in internal medicine and pulmonary disease. In his report dated November 28, 2018, Dr. Zaldivar noted that she was still working at the same plant where she started in 1972, which is an aerospace company that produces aerospace products. Dr. Zaldivar reviewed her prior medical history and conducted a pulmonary function study and a diffusion study. He reported minimal airway obstruction and invalid lung volume due to air leaks at the mouthpiece. A mild diffusion abnormality was noted. Attached to his report was an ILO form in which he said there were no parenchymal abnormalities consistent with pneumoconiosis.

On January 14, 2019, the claims administrator rejected the claim filed by Ms. Karnes. The claim was rejected based upon the report of Dr. Zaldivar, who found no evidence of pulmonary abnormalities stemming from her prior or current work. Ms. Karnes protested the claims administrator's decision.

In support of her protest, Ms. Karnes gave testimony at a deposition on September 11, 2019. She testified regarding the number of dust particles and chemical fumes that she was exposed

to while performing her duties at the plant. She stated that she has worked for the same plant for over forty-five years. Ms. Karnes specifically mentioned that she was exposed to a spray type of cement that created "hair strings" in the air. She explained in detail her exposure to epoxy glue fumes, dust from sanding fiberglass, and her contact with numerous solvents and asbestos. During the time of exposure, she was not wearing breathing protection. Ms. Karnes testified that she now has breathing problems. She discussed her cigarette smoking history and stated that she last smoked in 2001. Although she agreed that her prior history of smoking could have caused some of her breathing problems, she attributed her condition to fumes, odors, and dust from work.

On December 26, 2019, the Office of Judges concluded that Ms. Karnes filed a timely application for occupational pneumoconiosis which shows that she was exposed to the hazards of occupational dust for the requisite period of time. It determined that she is entitled to the rebuttable presumption that her impairment is due to her occupation pursuant to W. Va. Code § 23-4-8c(b). The January 14, 2019, decision of the claims administrator was reversed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 12, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The record indicates that Ms. Karnes was exposed to occupational dust for a continuous period of not less than two years during the ten years immediately preceding the date of her last exposure to such hazards, which is required to file a timely claim for occupational pneumoconiosis. She also showed that she was exposed for a period of ten years during the fifteen years immediately preceding the date of her last exposure. Thus, pursuant to W. Va. Code § 23-4-8c(b), Ms. Karnes is entitled to the rebuttable presumption that her impairment is due to her occupation.[1] Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[1] Although Ms. Karnes is entitled to the presumption that her impairment is due to her occupation under W. Va. Code § 23-4-8c(b), the presumption is not conclusive.